## BELATED DEMAND FOR AN ACCOUNTING FROM THE REPRESENTATIVE OF A TRUSTEE.

Common Pleas Court of Hamilton County.

KATE ROBSON ET AL v. FANNIE R. EVANS ET AL.

Decided. May 28, 1912.

*Trust—Terminated by Death of Trustee—Statute of Limitations and Other Restrictions—Run Against Claims Not Filed with Representative of the Trustee.*

A trust is terminated by the death of the trustee, and the relation of debtor and creditor thereupon arises, and where the beneficiaries under the trust neglect to demand an accounting by the representative of the trustee, or to file their claims with him, the statute of limitations runs against them and all the restrictions which apply to the filing of claims against the estate of a decedent also obtained against them.

*Herman P. Goebel,* for the demurrer, cited: Rozier v. Griffith, 31 Mo., 174; In re Negel's Estate, 52 Pa., 154; Holloway v. Holloway, 97 Mo., 640; Reyborn v. Mitchell, 106 Mo., 366; Cravens v. Kitts, 64 Ind., 587; Vol. 10 Ency. Digest O. Rep., 605; Delaney v. Carl, 11 C. D., 1; Perry v. Richardson, 27 O. S., 110; Conrad v. Conrad, 38 O. S., 467; Patten v. Patten, 39 O. S., 590; English v. Moneypenny, 3 C. D., 582; Clarke v. Lindsay, 47 O. S., 442; Taher v. Buckeye Supply Co., 7 N. P., 420; Converse v. Terrell, 2 W. L. J., 501; Star v. Star, 1 O. S., 329; Gill v. Fletcher, 74 O. S., 305; Jung v. Heffner, 36 O. S., 232; Farmers Bank v. Wallace, 45 O. S., 165; Hogg v. Beerman, 41 O. S., 99; Freeman on Co-tenantcy, Section 230; Wood on Limitations, pp. 620, 586, 574, 576; Wilson v. Wilson, 11 C.C.(N. S.), 450; Bonnell v. Brown, 11 C.C.(N.S.), 58; Kuester v. Yoeman, 14 C.C.(N.S.), 264; Wood on Limitations, p. 466; Carpen-

ter v. Canal Co., 35 O. S., 307; Bettman v. Hunt, 12 W. L. B., 386; Hyatt v. Longworth, 27 O. S., 129.

*Bettinger, Guckenberger, Schmitt & Kreis,* contra, cited: General Code, Sections 10876, 10717-10745, 10746, 10748, 10878, 11238, 11222 and 11227; Arbaugh v. Mellett, 5 C. C., 295, at 297; Hall v. Burnstead, 20 Pick. (Mass.), 2 and 3; Pratt v. Lamson, 128 Mass., 528, at 529; Bassett v. Drew, 176 Mass., 141; Cin'ti, Richmond & Ft. Wayne R. R. Co. v. Heaston, 43 Ind., 172; Rinard v. West, 92 Ind., 359, at 365; Clevenger v. Matthews, 165 Ind., 689, at 692; Woods v. Ely, 7 So. Dak., 471; Favorite v. Booher's admr., 17 O. S., 548, at 553; 25 Cyc., 1168; Stewart v. Welch, 41 O. S., 483; Clark v. Boorman's Exrs., 18 Wall., 493; Lease v. Downey, 5 C. C., 480-483 and 485; Jones v. Jones, 18 C. C., 260; Miller v. Parkhurst, 9 N. Y. St. Rep., 759.

DICKSON, J.

Heard on demurrer.

William Robson, of Kentucky, died in May, 1880, leaving property both in Ohio and in Kentucky. His will was duly probated in Kentucky and its copy duly filed in the Probate Court of Hamilton County, Ohio. After certain bequests, his entire estate was given to his five children and one grandchild. One of these children, Charles Robson, by agreement, managed his father's estate until his own death in October, 1897, nearly seventeen years. Charles Robson gave by will all his property to his widow for life and in remainder to his children. Included in this property thus devised was his share of his father's estate. Kate Robson, his widow, and their surviving children have filed herein their petition in partition. The defendants have filed herein their answer and cross-petition asking also for a partition, and in addition thereto asking for an accounting—asking that the heirs of Charles Robson give an account of his management of the estate of William Robson, because neither did Charles Robson in his lifetime fully account, nor did his personal representative. This account is asked against the heirs of Charles Robson because they received by his will a part of the estate of William Robson, claiming that unless such an accounting now be had, that the heirs and legatees of Charles

Robson will have and thus keep a portion of William Robson's estate which belongs to them, the defendants.

Plaintiffs, answering, deny that Charles Robson failed to account—affirmatively state that he did account, and that also after his death, his personal representative accounted and that now and for a long time past, the estate of Charles Robson has been truthfully and duly closed.

Plaintiffs further claim that with the death of Charles Robson the trust in him terminated and that when the personal representative of Charles Robson closed her account, all the rights of the defendants herein for an accounting ended, that immediately at the death of Charles Robson the relations of debtor and creditor arose.

Plaintiffs further claim that the demand for an accounting is barred by the statutes of limitations, both the six year and the ten year limitations.

The defendants demur to certain of the claims of the plaintiff in their answer and cross-petition, because they do not state a valid defense.

The claim of the defendants in substance is that the estate of Charles Robson has never been closed—that the trust in him still exists; in effect that a trust exists until a settlement be made by payment.

The court is of the opinion that the trust in Charles Robson terminated at his death; that then the relations of debtor and creditor arose; that his personal representative had a right and it was her duty to render an accounting—that it was her duty to close the estate and make final distribution thereof.

Each and every one of the beneficiaries under that trust had a right to demand an accounting—had a right to file claims; and it was the duty of each and every one of those beneficiaries to demand an accounting, and to file their claims—to demand that the personal representative of Charles Robson render to them an account and close this estate. If these beneficiaries neglected their duties in the premises, all the limitations of the law obtain—limitations and restrictions as to filing claims against a decedent's estate and the statutes of limitations.

The demurrer will be overruled.